IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**COASTAL SERVICES GROUP LLC**                                  **PLAINTIFF**

v.                                             Civil No. 1:11-cv-425-HSO-RHW

**BP COMPANY NORTH AMERICA, INC.,
BP CORPORATION NORTH AMERICA, INC.,
BP AMERICA, INC.,
BP P.L.C.,
BP PRODUCTS NORTH AMERICA, INC.,
BP EXPLORATION & PRODUCTION, INC., and
PATRIOT ENVIRONMENTAL SERVICES, INC.**        **DEFENDANTS**

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

BEFORE THE COURT is the Fed. R. Civ. P. 12(b)(6) Motion to Dismiss [23], filed by Defendants BP Company North America, Inc., BP Corporation North America, Inc., BP America, Inc., BP Products North America, Inc., and BP Exploration & Production, Inc. (collectively "the BP Defendants"). Plaintiff Coastal Services Group LLC has filed a Response [26] to Defendants' Motion and Defendants a Reply [29]. After consideration of the parties' submissions, the record, and relevant legal authorities, and for the reasons discussed below, the Court finds that Defendants' Motion to Dismiss [23] should be denied.

### I. BACKGROUND

In its Complaint, Plaintiff Coastal Services Group LLC alleges that it entered into a six month contract with the BP Defendants for oil clean up and decontamination services related to the 2010 Deepwater Horizon Oil Spill. Pl.'s Compl. [1-1] at p. 3. It contends that Defendants unilaterally terminated the contract

after two months. *Id.* Plaintiff states that it provided discounted prices to the BP Defendants "based on obtaining work . . . for at least six months" and that the BP Defendants "knew and understood that [they were] getting those prices based on that condition." *Id.* The Complaint advances claims for breach of contract, tortious breach of contract, breach of duty of good faith and fair dealing, equitable estoppel, unjust enrichment, and specific performance. *Id.* at pp. 5-7. The Complaint provides that "[a] copy of said contract is attached hereto as Exhibit 'A.'" *Id.*

The BP Defendants submit that the document attached to Plaintiff's Complaint is not a contract but an estimate with "no indication of mutual assent, nor . . . any indication of two or more contracting parties to the alleged agreement." Defs.' Mot. to Dismiss [23] at p. 3. They maintain that the document cannot be a contract because it is not signed or "addressed to any entity, much less the BP Defendants." *Id.* They argue that Plaintiff's suit should be dismissed "because the allegations of the Complaint are inadequate to support a claim (i) that any contract existed between the BP Defendants and Coastal or (ii) that Coastal was entitled to six months of guaranteed compensation." *Id.* at p. 2.

In its Response to the BP Defendants' Motion to Dismiss, Plaintiff acknowledges that the document attached to its Complaint is not a contract but instead a "written proposal." Pl.'s Resp. [26] at p. 4. Plaintiff contends, however, that the BP Defendants verbally accepted the proposal, "form[ing] an enforceable contract." *Id.* It references the portion of the proposal, which states: "If you find the scope of work and terms as described herein acceptable, you may authorize COASTAL

to proceed with scheduling by calling our office." Proposal [1-1], Ex. A to Pl.'s Compl. at p. 3. It also references the portion of the proposal, which states: "These services will be available between the hours of 0800 and 1600 seven days a week for a period not less than six (6) months." *Id.* at p. 1.

## II. DISCUSSION

A. Rule 12(b)(6) Standard

A motion to dismiss under Rule 12(b)(6) "is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982). "The purpose of a motion under Federal Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; the motion is not a procedure for resolving a contest between the parties about the facts or the substantive merits of the plaintiff's case." 5B CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1356 (3d ed. 2004).

"Under Rule 12(b)(6), a claim should not be dismissed unless the court determines that it is beyond doubt that the plaintiff cannot prove a plausible set of facts that support the claim and would justify relief." *Lane v. Halliburton,* 529 F.3d 548, 557 (5th Cir. 2008)(citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-58 (2007)). All well-pleaded facts must be viewed in the light most favorable to the plaintiff. *Fin. Acquisition Partners LP v. Blackwell,* 440 F.3d 278, 286 (5th Cir. 2006). On the other hand, the plaintiff must plead specific facts, not conclusory allegations, to avoid dismissal. *Id.*

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (U.S. 2009) (quoting *Twombly*, 550 U.S. at 556-57, 570).

The Court's analysis is generally limited "to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum, Inc.,* 78 F.3d 1015, 1017-18 (5th Cir. 1996). "[C]ourts may also consider matters of which they may take judicial notice." *Id.* at 1018. A court "may permissibly refer to matters of public record." *Cinel v. Connick,* 15 F.3d 1338, 1343 n.6 (5th Cir. 1994).

B. <u>Defendants' Motion to Dismiss</u>

Viewing all well-pleaded facts in the light most favorable to Plaintiff, the Court cannot say at this juncture that it is beyond doubt that Plaintiff cannot prove a plausible set of facts that support its claims and justify relief. Plaintiff attached a proposal for oil clean up and decontamination services to its Complaint and submits that it provided such services in accordance with the proposal to the BP Defendants for two months. The proposal states: "These services will be available between the hours of 0800 and 1600 seven days a week for a period not less than six (6) months."

*Id.* at p. 1. Resolving all doubts in Plaintiff's favor, the Complaint and attachment thereto contain sufficient factual content to state a claim for breach of contract that is plausible. *See Wilson v. Birnberg,* 667 F.3d 591, 595 (5th Cir. 2012)(citing 5B CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2004)). The other claims advanced in Plaintiff's Complaint are also plausible based on the facts pleaded. While the BP Defendants argue that Plaintiff's claims are substantively without merit, the Court's task when ruling on a 12(b)(6) motion to dismiss "is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter,* 607 F.3d 1029, 1032 (5th Cir. 2010)(citing *Iqbal,* 556 U.S. at 678). The BP Defendants' Motion to Dismiss should be denied.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Fed. R. Civ. P. 12(b)(6) Motion to Dismiss [23], filed by Defendants BP Company North America, Inc., BP Corporation North America, Inc., BP America, Inc., BP Products North America, Inc., and BP Exploration & Production, Inc., is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 12th day of March, 2013.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE